IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOHAMMED AHTESHAMUDDIN  *
                        *
v.                      *     Civil No. WMN-11-854
                        *
RESIDENTIAL CREDIT SOLUTIONS, *
INC. et al.             *
                        *
  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM**

Before the Court are motions to dismiss, or in the alternative, for summary judgment, filed by Defendant Residential Credit Solution, Inc. (RCS), ECF No. 21, and by Defendant BAC Home Loans Servicing, LP (BAC), ECF No. 22. The motions are fully briefed. Upon a review of the papers and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motions must be granted.

Plaintiff filed this action in the Circuit Court for Howard County, Maryland. Defendants removed the case to this Court on April 1, 2011. In the Complaint, Plaintiff asserts a variety of causes of action against BAC and RCS, two entities that had been involved in the servicing of Plaintiff's residential mortgage. Although the exact nature of each of the causes of action is less than clear, all of the causes of action clearly relate to

the servicing of this loan.  The facts, as set forth in the Complaint, are as follows.

On February 28, 2006, Plaintiff accepted a loan from Universal American Mortgage Company for a residential property in Ellicott City, Maryland.  That loan was transferred to Countrywide Home Loans, Inc. (Countrywide) on May 1, 2006.  The loan came to be serviced by Defendant BAC.  In April of 2009, financial difficulties in Plaintiff's business caused him to miss a monthly payment on the loan and he contacted BAC's Loss Mitigation Department to inquire about the possibility of modifying the terms of the loan agreement.  On October 15, 2009, after several months of negotiation, BAC offered Plaintiff a Trial Period Plan (TPP) under the Home Affordable Modification Program.

Shortly after making his first payment under the TPP, Plaintiff was informed on October 23, 2009, that the servicing rights to his loan were transferred from BAC to Defendant RCS.  Plaintiff immediately contacted representatives of BAC and RCS to determine whether the terms of the TPP would be honored by RCS.  He was eventually told that he had to complete a new application for a loan modification.  Plaintiff submitted a new application and continued to make payments consistent with the terms of the TPP.

In February 2010, RCS informed Plaintiff that he was ineligible for a loan modification.  Following that denial, RCS caused foreclosure proceedings to be initiated against the property and a foreclosure sale was scheduled for October 15, 2010.  On the day before the foreclosure sale, Plaintiff filed for Chapter 7 bankruptcy protection.  Significantly, Plaintiff did not identify or schedule in the bankruptcy proceeding any of the causes of action he now asserts against BAC and RCS.  See Defs.' Ex. 5, Bankruptcy Petition with Schedules, Case 10-33613 (Bankr. Md.).  On January 26, 2011, Plaintiff was granted a discharge by the Bankruptcy Court.  Defs.' Ex. 6.

In moving to dismiss the Complaint, Defendants argue, inter alia, that Plaintiff lacks standing to bring this action.  Defendants contend that, because Plaintiff failed to list any of the causes of action asserted in this suit on the schedules in his bankruptcy proceedings, he is precluded from raising them in the present action.  The Court must agree.

When a debtor files for bankruptcy, all of his interests in any causes of action that have accrued prior to the filing of bankruptcy will become a part of the bankruptcy estate, subject to certain exceptions not relevant here.  Miller v. Pacific Shore Funding, 287 B.R. 47, 50 (D. Md. 2002).  "Under Maryland law, a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and

(2) the claimants have notice of the nature and cause of their injury." Id. There is no dispute that all of the events that Plaintiff asserts gave rise to his causes of action occurred before he filed for bankruptcy and that Plaintiff had notice of his potential causes of action.

Once a claim becomes a part of the bankruptcy estate, "the trustee alone has standing to bring that claim." National Am. Ins. Co. v. Ruppert Landscaping Co., Inc., 187 F.3d 439, 441 (4th Cir. 1999). "In a chapter 7 bankruptcy case, any unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee, unless exempted or abandoned or otherwise revested in the debtor." Bailey v. Household Finance Corp. III, 306 B.R. 391, 392–393 (Bankr. D.D.C. 2004). The ownership of the cause of action remains in the bankruptcy estate "unless and until the cause of action is legally abandoned by the bankruptcy trustee, even after the debtor has been discharged from bankruptcy and the bankruptcy estate has been closed." Bowie v. Rose Shanis Fin. Servs., LLC, 862 A.2d 1102 (Md. Ct. Spec. App. 2003).

Plaintiff agrees that it was true that, once he filed bankruptcy, "only the trustee of the bankruptcy estate, and not Plaintiff, ha[d] standing to pursue the claims in this case and

4

that those claims [would have been] barred from the instant litigation." ECF Nos. 23 & 24 at 3. That was true, Plaintiff posits, until the trustee abandoned the outstanding legal claim and the claim "reverted to the original debtor-plaintiff." Id. (citing 11 U.S.C. § 554(a)). Plaintiff, however, nowhere explains his contention that the trustee somehow "abandoned" the claims Plaintiff now asserts.

Under § 554, the provision relied upon by Plaintiff, a trustee may abandon estate property in one of only three ways:

> First, the trustee, after notice and a hearing, may abandon any property deemed burdensome or of inconsequential value to the estate. Id. § 554(a). Second, the bankruptcy court, at the request of a party and after notice and hearing, may order the trustee to abandon any property. Id. § 554(b). Finally, property is abandoned by operation of law <u>if it has been formally scheduled</u> and not otherwise administered at the time the bankruptcy case is closed. Id. § 554(c)("Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of the case is abandoned to the debtor ....").

Miller, 287 B.R. at 51 (emphasis added). Here, the trustee never abandoned the property as "inconsequential" after notice and hearing and the bankruptcy court never ordered the trustee to abandon the property after notice and hearing. Furthermore, because the causes of action asserted here were never formally scheduled in the bankruptcy proceedings, they could not have been abandoned under § 554(c). See Bowie, 862 A.2d at 1113

(noting that it has long been settled that "[p]roperty which has not been scheduled is not abandoned by the trustee simply because the estate is closed," quoting First Nat. Bank of Jacksboro v. Lasater, 196 U.S. 115 (1905)).

Thus, because the causes of action now asserted became the property of the bankruptcy estate and were never abandoned by the trustee, Plaintiff lacks standing to pursue those claims and they must be dismissed. A separate order will issue.

```
               /s/
William M. Nickerson
Senior United States District Judge
```

DATED: September 14, 2011